# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| D. YVETTE GARRISON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: |
| ) | 1:14-CV-3579-RWS-RGV |
| ) | |
| GWINNETT RYDC AND THE ) | |
| DEPARTMENT OF JUVENILE ) | |
| JUSTICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description Of Case:**

**(a)     Describe briefly the nature of this action.**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII).

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Response**:

Plaintiff was suspended the same day that she reported being sexually

harassed by an inmate/student. Plaintiff reported that a student exposed his private parts. Supervisor's response was that it was the Plaintiff's fault because such an incident never occurred before, Plaintiff was immediately suspended and later fired. Defendant's actions were discriminatory and retaliatory because Plaintiff disclosed the incident but refused to press criminal charges against the inmate/student.

**Defendant's Response:**

At the time of Plaintiff's dismissal in May of 2012, Plaintiff was employed by the Department of Juvenile Justice ("DJJ") as as a Special Education Teacher assigned to the Gwinnett Regional Youth Detention Center ("RYDC"). Plaintiff was dismissed from employment due to misconduct.

All actions taken by Defendants with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons. Defendants have not violated any laws or rights of Plaintiff.

**(c) The legal issues to be tried are as follows:**

**Plaintiff:**

> (1) Whether Defendant can establish that Plaintiff's termination was for a nondiscriminatory reason and not a violation of Title VII.

(2) Whether Defendant can establish that they followed their written discipline policy and procedure.

(3) Whether Defendant can articulate legitimate nondiscriminatory reasons for their actions.

**Defendant:**

Without waiving any defenses asserted in its Answer and Defenses, Defendant submits the following:

(1) Whether Plaintiff has satisfied all jurisdictional and administrative prerequisites for a Title VII claim.

(2) Whether Plaintiff can establish a *prima facie* case of retaliation.

(3) Whether Plaintiff can establish a *prima facie* case of sexual harassment.

(4) Whether Defendant can articulate legitimate nondiscriminatory reasons for their actions.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_    **(1)    Unusually large number of parties.**

    \_\_\_\_\_    **(2)    Unusually large number of claims or defenses.**

    \_\_\_\_\_    **(3)    Factual issues are exceptionally complex.**

    \_\_\_\_\_    **(4)    Greater than normal volume of evidence.**

    \_\_\_\_\_    **(5)    Extended discovery period is needed.**

    \_\_\_\_\_    **(6)    Problems locating or preserving evidence.**

    \_\_\_\_\_    **(7)    Pending parallel investigations or action by government.**

    \_\_\_\_\_    **(8)    Multiple use of experts.**

    \_\_\_\_\_    **(9)    Need for discovery outside United States boundaries.**

    \_\_\_\_\_    **(10)   Existence of highly technical issues and proof.**

The parties do not contend that this case is complex.

3.  **Counsel:**

**The following individually-named attorneys are hereby designated as lead**

**counsel for the parties:**

**Plaintiff:**

D. Yvette Garrison
250 Riverbirch Lane
Lawrenceville, Georgia 30044
(610) 348-7959
caringeducator@cs.com

**Defendants:**

Kimberly B. Lewis
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
404-656-4935
404-657-9932 (FAX)
klewis@law.ga.gov

**4. Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

___ Yes    _X_ No

If "Yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties To This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Plaintiff: Plaintiff filed suit against the Gwinnett Regional Youth Detention Center ("RYDC"), however it may have been more appropriated to include in the caption Department of Juvenile Justice ("DJJ") which is the overarching state agency that regulated RYDC.

Defendant: Gwinnett RYDC is not an entity capable of being sued.

**(d) The parties shall have the continuing duty to inform the Court of any intentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.** **Amendments To The Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:** Plaintiff: Plaintiff filing as Pro-se may have to amend the pleadings to conform with legal requirements.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times For Motions:**

**All motions should be filed as soon as possible. The Local Rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

(a) **Motions to Compel:** before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

**(b)     Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

**(c)     Other Limited Motions:  refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions and motions for consideration.**

**(d)     Motions Objecting to Expert Testimony:  Daubert motions with regard to expert testimony no later than date that the proposed pretrial order is submitted.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the part and the basis for the party's objection.**

Defendants served their initial disclosures on November 24, 2014.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the positions of each party.**

The parties do not request a scheduling conference.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period; (b) four (4)-months discovery period; and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff:** Issues relating to Plaintiff's improper termination, internal e-mails and letters regarding the matter, particularly any correspondence submitted by GRYDC Management to officials at the Department of Juvenile Justice.

Any and all videos directly related to the incidents that lead to the termination of the Plaintiff.

List of all employees that were employed at GRYDC during the time that the

alleged incidents took place.

Personnel file of Mr. Boyd Director of GRYDC who was later ordered to resign.

List of all employees that were disciplined as a result of any incidents involving the Plaintiff.

Copy of the report written by the Investigator that interviewed the defendant.

**Defendants:**

Issues relating to Plaintiff's employment, matters alleged in Plaintiff's Complaint, liability, and damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

At this time the parties do not anticipate additional discovery time will be required.

**11.    Discovery Limitation:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties do not propose any limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of this Court.

**(b) Is any party seeking discovery of electronically stored information?**

_x_  Yes                    ___ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties recognize that electronically stored email communications may be relevant to the claims and defenses of this case. However, other than email communications and computer-stored files and records, the parties do not anticipate seeking discovery of other electronically stored information at this time.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have agreed to produce any relevant electronically stored information in a hard-copy format.

**12.　Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate that other employee's employment records may be requested. As a result, such discovery will raise various confidentiality issues. Thus, Defendant intends to request that the Court sign a reasonable Stipulated Protective Order whose language upon which the parties agree.

**13.　Settlement Potential:**

**(a)　Lead counsel for the parties certify by their natures below that they conducted a Rule 26(f) conference that was held in November of 2014, and that they participated in subsequent settlement discussions, as required by LR 16.1. Other persons who participated in the settlement discussions are listed according to party.**

    **For Plaintiff:**　　**Pro se Plaintiff:**　*s/D. Yvette Garrison*

                      **Other Participants:** None

    **For Defendants:**　**Lead Counsel :**　*s/Kimberly B. Lewis*

                      **Other Participants:**　None

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

\_\_\_\_\_A possibility of settlement before discovery.

\_<u>X</u>\_A possibility of settlement after discovery.

\_\_\_\_\_A possibility of settlement, but a conference with the Judge is needed.

\_\_\_\_\_No possibility of settlement.

**(c)** **Counsel (\_\_) do (<u>x</u>) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is unknown at this time.**

**(d)** **The following specific problems have created a hindrance to settlement of this case:**

Not applicable.

14. **<u>Trial By Magistrate Judge</u>:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

a. **The parties ( ) do consent to having this case tried before a Magistrate Judge of this Court.**

b. **The parties (x) do not consent to having this case tried before a Magistrate Judge of this Court.**

Completed form submitted this 8th day of December, 2014.

*/s/D. Yvette Garrison*
D. Yvette Garrison
Pro se Plaintiff
250 Riverbirch Lane
Lawrenceville, Georgia 30044
(610) 348-7959
caringeducator@cs.com


SAMUEL S. OLENS
Attorney General          551540

Dennis R. Dunn          234098
Deputy Attorney General

*s/Annette M. Cowart*
Annette M. Cowart          191199
Sr. Assistant Attorney General

*s/Kimberly B. Lewis*          451925
Kimberly B. Lewis
Sr. Assistant Attorney General
40 Capitol Square, SW

Atlanta, Georgia 30334
(404) 656-4935
(404) 657-9932 (FAX)
klewis@law.ga.gov

Attorneys for Defendants

* * * * * * *

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are as stated in the above-completed form, except as herein modified.

_____

_____

_____

_____

_____

**IT IS SO ORDERED, this ___ day of _____, 2014.**

_____
United States District Judge